Citation Nr: 1736733 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 10-26 890 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection, to include on a secondary basis, for left hip disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

K. Mitchell, Associate Counsel






INTRODUCTION

The Veteran served on active duty from March 1969 to December 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 

In September 2014, the Board reopened and remanded the issue for further development. In July 2016, the Board remanded the issue for a VA examination and opinion. The claim has been returned to the Board for further appellate review. As will be discussed further, the Board finds that the agency of original jurisdiction (AOJ) did not fully comply with the remand instructions and that another remand is required. Stegall v. West, 11 Vet. App. 268, 271 (1998).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Unfortunately, the Board finds that further development is warranted prior to appellate review of the issue of entitlement to service-connection for a left hip disability, to include as secondary to a service-connected right leg disability.

The Veteran contends that his service-connected right leg disability causes him to tilt his pelvis and walk with a limp, contributing to his current left hip degenerative arthritis. 

VA medical examiners have concluded that the Veteran's service-connected right leg disability is not the cause of the left hip disability. In August 2009, a VA medical examiner diagnosed degenerative arthritis of the left hip and avascular necrosis of the left femoral head. However, the examiner determined the Veteran's left hip disability was not caused by or a result of his service-connected right leg disability. Rather, the examiner stated that it was actually the hip problems that were resulting in a gait abnormality and not the other way around. In December 2012, a second VA medical examiner determined the Veteran's avascular necrosis and subsequent left hip arthroplasty were not as likely as not connected to his military service. 

The Veteran's private physicians have noted that the Veteran's service-connected right leg disability has aggravated his left hip disability. In April 2009, the Veteran's primary physician, S. J., M.D., noted "[p]ain in the [right] leg causing [the Veteran] to favor the [right] leg - walks with uneven gait - pelvic tilt and undue stress on the left." The Veteran's orthopedic specialist, T. C., M.D., indicated the Veteran "has developed chronic ambulatory difficulties regarding his right leg problems." T.C., M.D., further noted he "thinks this right leg problem is causing [the Veteran] to use muscles in his pelvis, low back, and hips in an abnormal way," contributing to his left hip condition. In November 2011, T.C., M.D., reported that "it is more likely than not that [the Veteran's] symptoms in his left hip were substantially exacerbated because of abnormal gait regarding his right lower extremity injury" and, "[a]s consequence of this abnormal gait, his left hip . . . progressed to the point where he is requiring left hip arthroplasty."

In the September 2014 remand, the Board determined the VA medical opinions of record only addressed whether the Veteran's left hip disorder has been caused by his service-connected right leg disability and do not address whether the right leg disability has aggravated his left hip. While addressing aggravation, the Board found that the Veteran's private physicians failed to establish a baseline level of disability of the Veteran's left hip before it was aggravated by any service-connected disability, and more fundamentally, the private doctor's finding that a left hip disorder was worsened due to abnormal right leg gait does not address the remark of the VA examiner that it was actually the hip that caused the gait problems. Given the numerous conflicting findings, the Board found there was no equipoise and another VA examination was warranted. 

Per the September 2014 remand, the Veteran was scheduled for a new VA examination. In March 2015, the VA examiner opined that the "Veteran's claimed left hip condition is not at least as likely as not related to the service-connected right leg disability". The examiner did not provide an opinion as to whether it is at least as likely as not that the Veteran's left hip condition has been aggravated by his service-connected right leg disability. 

In July 2016, the Board found the March 2015 VA examination to be inadequate as there was no opinion on whether the Veteran's left hip condition has been aggravated by his service-connected right leg disability. As a result, the Veteran was afforded a VA examination in December 2016 to address the issue of aggravation. The December 2016 VA examiner opined that the claimed degenerative disease of the left hip s/p total hip replacement is not at least as likely as not aggravated by the service-connected right leg disability. The rationale provided was that the Veteran wasn't diagnosed until 30 years after military service, the medical literature does not support the concept of the pathology of one leg has direct causality of a pathology of a contralateral leg, osteoarthritis most commonly presents in patients over 40 years of age, and degenerative joint disease of the weight bearing hips is the result of chronic weight bearing over time. Unfortunately, the Board finds that the rationale used to support the negative opinion is not responsive to the question of whether the Veteran's left hip condition has been aggravated by the service-connected right leg disability. The amount of time since diagnosis of a left hip condition does not negate whether the right leg disability can or cannot aggravate the left hip. And while it may be true that osteoarthritis most commonly occurs in patients over 40 years of age or is the result of chronic weight bearing over time, that speaks more to causation rather than aggravation, and does not mean, as the Veteran contends, that his service-connected right leg disability does not cause the Veteran to ambulate in a way that aggravates his left hip condition. Accordingly, the Board finds a VA addendum opinion is necessary to ascertain whether the Veteran's left hip condition has been aggravated by his service-connected right leg disability. 





Accordingly, the case is REMANDED for the following action:

1. Request an addendum opinion from an appropriate VA examiner. The electronic claims file must be made accessible to the examiner. The Veteran may be called in for examination, if deemed warranted. In an addendum opinion, the examiner should provide an opinion on the following:

Is it at least as likely as not (50 percent or greater probability) that the Veteran's left hip DJD was aggravated (the opinion must specifically discuss the concept of aggravation) by his service-connected right leg disability. 

In providing the above opinion, the examiner must consider the statements from the Veteran's private physician, S. J., M.D. and orthopedic specialist, T. C., M.D., that pain from the Veteran's right leg disability has resulted in chronic ambulatory difficulties such as an uneven gait and pelvic tilt, aggravating his left hip DJD.

The examiner should also provide a complete rationale for all opinions expressed and conclusions reached. If the examiner is unable to answer the questions posed without resort to speculation, then he or she should so indicate and provide a rationale for why an answer could not be provided.

2. The AOJ should review the medical opinion obtained above to ensure that the remand directives have been accomplished. If all questions posed are not answered or sufficiently answered, the case should be returned to the examiner for completion of the inquiry. 

3. Thereafter, the AOJ should readjudicate the issue on appeal. If the determination remains unfavorable to the Veteran, he and his representative should be provided with a supplemental statement of the case (SSOC) that addresses all relevant actions taken on the claim for benefits, to include a summary of the evidence and applicable law and regulations considered, and they should be given an opportunity to respond to the SSOC prior to returning the case to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
THOMAS H. O'SHAY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).